IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KATIA PRICE, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. |
| ) | |
| VS. ) | |
| ) | |
| MICHAEL HOWARD, ) | |
| ) | JURY TRIAL DEMANDED |
| Defendant. ) | |

# COMPLAINT

Plaintiff, Ms. Katia Price (hereinafter "Ms. Price" or "Plaintiff") files this complaint against Defendant seeking redress for violation of the Fair Housing Act, 42 U.S.C. § 3601 and 42 U.S.C. § 1981.

# INTRODUCTION

Ms. Price, an African American schoolteacher, was subjected to a discriminatory rental application process, when her prospective landlord Mr. Michael Howard forced her to pay a $50 application fee for her black male partner to *visit her* at her rented home. Ms. Price immediately objected to the fee and background check, explaining that she felt it was discriminatory. Mr. Howard remarked, 'I'm not looking for drugs or anything if that's what you're concerned about.' Notably, Mr. Howard had no factual basis to make such an allegation,

except for discriminatory animus and stereotypes connecting black persons to drug use. Later, Mr. Howard told Ms. Price that the background check process was required by the local school. Thereafter, Ms. Price discovered that no such requirement existed. Mr. Howard forced Ms. Price to pay for and have her partner complete a background check because of discriminatory animus toward black people. Ms. Price seeks equitable, pecuniary, and compensatory damages to make her whole.

## PARTIES

1.

Ms. Katia Price is an adult African American female. Ms. Price signed a 12-month lease with the Defendant and resided at 1453 Mercer Avenue, College Park, Georgia 30337 (hereinafter the "Property") until the lease expired on April 30, 2022. At all times relevant to this action, was a resident of Fulton County. Ms. Price is now a resident of Gwinnett County, and she submits to the jurisdiction of this Court.

2.

Mr. Michael Howard is the landlord and property owner of 1453 Mercer Avenue College Park, Georgia 30337. At all times relevant to this action, Mr. Howard owned at least five real properties. Mr. Howard signed the lease agreement with

Ms. Price for the subject Property. Mr. Howard was personally responsible for the discriminatory application process administered against Ms. Price.

## JURISDICTION AND VENUE

3.

This action arises under laws of the United States, including Plaintiff's claims against Defendant for violations of the Fair Housing Act, a federal civil rights statute. This Court has authority to award costs and attorneys' fees under 42 U.S.C. § 1988 and 42 U.S.C. § 3613.

4.

Venue is proper in the Northern District of Georgia pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2). Plaintiff has residence in the Northern District of Georgia, and a substantial part of the events and omissions giving rise to the claims in this action occurred in this district.

## FACTS

5.

On or about March 17, 2021, Defendant presented Ms. Price with a copy of a proposed lease for 1453 Mercer Ave., College Park, GA 30337 (hereinafter the "home" or "property") "Lease Agreement".

6.

The March 2021 "Lease Agreement" was not signed by the Parties.

7.

Ms. Price told Mr. Howard that her significant other, a black male, would be visiting her in the home occasionally.

8.

At all times relevant to this Action, Mr. Howard owned at least five residential properties.

9.

Mr. Howard told Ms. Price that if she desired to obtain the lease for the Property, Ms. Price's partner would have to undergo a background check and pay a $50 background check fee.

10.

Ms. Price immediately objected to the requirement for a background check.

11.

Ms. Price asked Mr. Howard why her partner would have to complete a background check to visit her at the Property.

12.

Ms. Price emphasized to Mr. Howard that her significant other would not be a co-tenant in the Property, but *only a visitor*.

13.

Mr. Howard told Ms. Price that her partner had to complete the background check to comply with school safety requirements.

14.

Ms. Price called Woodward Academy to inquire about such a requirement. Notably, the school advised Ms. Price that no such requirement existed.

15.

Again, Ms. Price objected to the background check and $50 fee.

16.

Mr. Howard told Ms. Price, I'm not looking for *drug charges* if that's what you or your partner are concerned about.

17.

Ms. Price ultimately complied with Mr. Howard's request because he said she could not move forward with the lease of the Property if her partner did not submit to a background check.

18.

On March 17, 2021, Ms. Price was forced to pay a $50 background check application fee to the Defendant.

19.

On or about May 1, 2021, Ms. Price signed a "Lease Agreement" (hereinafter "lease") with Michael Howard for 12 months and 14 days beginning on April 17, 2021, and ending on April 30, 2022, for the property located at 1453 Mercer Ave., College Park, GA 30337.

20.

But for paying the $50 penalty and submitting her partner to a background check, Ms. Price would not have been able to proceed with the lease of the Property.

**COUNT I: FAIR HOUSING ACT VIOLATION BASED ON RACE**

*(Price Against Michael Howard)*

21.

Plaintiff reinstates and reincorporates P1 – P20 of this Complaint.

22.

Defendant discriminated against Ms. Price in the leasing process for the Property by requiring her to pay a $50 penalty to complete a background check for her black male partner to visit the Property.

23.

Defendant discriminated against Ms. Price in the leasing process for the Property by requiring her black male partner to undergo a background check as a requirement in the application process.

24.

Upon information and belief, Mr. Howard was motivated by unlawful racial stereotypes that black men are more likely to be 'drug dealers' or have criminal predispositions.

25.

Upon information and belief, Mr. Howard intentionally told Ms. Price false reasons for the background check to hide his discriminatory motive.

26.

Defendant had no legal or factual basis to suspect that Ms. Price's black male partner had a criminal record of any kind.

27.

Defendant's discriminatory actions were motivated by Ms. Price's identity as a black female and her romantic relationship to her black male partner, which Mr. Howard had notice of in March 2021.

28.

Upon information and belief, Defendant does not require prospective white tenants of his properties to undergo background checks for their visitors.

29.

Defendant's discriminatory actions are a violation of the Fair Housing Act, 42 U.S.C. § 3604(b).

## COUNT II: DISCRIMINATORY CONTRACTING IN VIOLATION OF SECTION 1981

*(Price Against Michael Howard)*

30.

Plaintiff reinstates and reincorporates P1 – P20 of this Complaint.

31.

Ms. Price and Defendant were completing the application approval process for the signing of the Lease Agreement for the Subject Property.

32.

Mr. Howard's $50 penalty and background check approval process for Ms. Price's black male partner were discriminatory actions completed in the making of the lease agreement.

33.

Defendant denied Ms. Price the same right to make and enforce employment contracts, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, as described above and to be further proved at trial, because of her race, in violation of the Civil Rights Act of 1866, 42 U.S.C. § 1981.

34.

As a result of the unlawful actions of Defendant, Ms. Price has suffered loss of income, emotional pain, suffering, mental anguish, attorney's fees, and other non-pecuniary losses.

35.

Based on all the facts incorporated to support this Count, Plaintiff has demonstrated that Defendant violated Ms. Price's Section 1981 rights by subjecting her to a discriminatory application process in the leasing of the subject property.

**ATTORNEY'S FEES**

Based on the facts alleged in this Complaint, Plaintiff is entitled to attorney's fees against the Plaintiff under 42 U.S.C. § 1988(b), 42 U.S.C. § 3613(c), and all applicable laws.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays this Court:

a) That process issue and service be had on Defendant;

b) That a jury trial be had on all issues so triable;

c) That Plaintiff be awarded all costs and other expenses in an amount to be determined at trial, including attorney's fees;

d) That Plaintiff have judgment against Defendant for punitive damages;

e) That this Court grant compensatory, pecuniary, and equitable relief to Plaintiff; and

f) That Plaintiff receives such other and further relief as this Court deems just and proper.

DATE: May 23, 2022

Respectfully submitted,

/s/Angelik Edmonds
Angelik Edmonds
Attorney for Katia Price
GA Bar: 650757
Edmonds Law Office of Civil Rights LLC
135 Auburn Avenue NE, Suite B
Atlanta, Georgia 30303
angie@aedmondslaw.com
F: +1 678-623-9090
E: angie@aedmondslaw.com