IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

KATIE PRICE,
         Plaintiff,

                    v.

MICHAEL HOWARD,
         Defendant.

Civil Action No.
1:22-cv-02056-SDG

## OPINION AND ORDER

This matter is before the Court on Defendant Michael Howard's motion to dismiss [ECF 6]. For the following reasons, Howard's motion is **GRANTED**.

## I.    Background

The following facts are accepted as true for the purposes of this Order.[1] Howard is the landlord and owner of a property that Plaintiff Katie Price, a Black woman, sought to rent.[2] On or about March 17, 2021, Howard presented Price with a proposed lease.[3] Price informed Howard that her significant other, a Black man,

---

[1]  *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1274 n.1 (11th Cir. 1999) ("At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff.").

[2]  ECF 1, ¶ 2.

[3]  *Id.* ¶ 5.

would occasionally visit her at the property.[4] Howard told Price that, in order to obtain the lease, Price's partner would be required to undergo a background check and pay an accompanying $50 fee.[5] When Price objected to the background check, Howard stated that it was necessary to comply with local school safety requirements.[6] However, when Price called a local school to ask about the requirement, she was told that it did not exist.[7] When Price again objected to the background check and fee, Howard told her, "I'm not looking for drug charges if that's what you or your partner is concerned about."[8]

Price ultimately submitted to the background check requirement and paid the fee so that Howard would let her move forward with the lease of the property.[9] On May 1, 2021, Price signed a lease with Howard that began retroactively on April 17, 2021.[10]

---

[4]   *Id.* ¶ 7.

[5]   *Id.* ¶ 9.

[6]   *Id.* ¶¶ 10–13.

[7]   *Id.* ¶ 14.

[8]   *Id.* ¶¶ 15–16.

[9]   *Id.* ¶¶ 17–18.

[10]  *Id.* ¶ 19.

On May 23, 2022, Price initiated this case, alleging race discrimination under the Fair Housing Act, 42 U.S.C. § 3604(b) (Count I), and 42 U.S.C. § 1981 (Count 2).[11] Howard moves to dismiss, and that motion is now ripe for consideration.

## II.   Discussion

To withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint is plausible on its face when the plaintiff pleads the factual content necessary for the Court to draw the reasonable inference that the defendant is liable for the conduct alleged. *Id.* (citing *Twombly*, 550 U.S. at 556). While this pleading standard does not require "detailed factual allegations," the Supreme Court has held that "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

Howard's argument in support of dismissal is straightforward: Price's allegations are entirely conclusory and not supported by enough facts to make the claims plausible under Rules 8(a) and 12(b).[12] The Court agrees.

---

[11]   *Id.* ¶¶ 21–35.

[12]   ECF 6, at 3.

A.      "Information and Belief" Pleading

Price contends that Howard's background-check requirement was racially discriminatory. Howard challenges several of Price's allegations of fact, which she pleads based on "information and belief." These include that Howard was motivated by racial stereotypes that Black men are more likely to be drug dealers or have criminal dispositions, that he offered pretext for the background check requirement to hide his racial motivations, and that he does not insist that prospective White tenants undergo background checks for their visitors.[13]

"Information and belief" pleadings are allowed if the litigant has conducted an appropriate investigation into the facts that is reasonable under the circumstances. Fed. R. Civ. P. 11(b). Further, the *Twombly* and *Iqbal* pleading standard allows facts alleged on information and belief to support a claim when those details are not within the plaintiff's knowledge and control. *Functional Prod. Trading, S.A. v. JITC, LLC*, 2014 WL 3749213, at *8 (N.D. Ga. July 29, 2014) (citing *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120 (2nd Cir. 2010)).

Considering Price's allegation that she called the local school to inquire about the "background check rule" that Howard claimed to rely on, Howard's

---

[13]    ECF 1, ¶¶ 24–25, 28.

alleged statement about drug use, and the general context of the parties' discussions, the Court is satisfied that Price has adequately alleged that Howard's explanation for the background check requirement was pretextual. However, Price has not alleged any facts making plausible her information and belief allegation that Howard did not require prospective White tenants to undergo the same background checks for their visitors.

While "information and belief" pleadings can sometimes survive a motion to dismiss, a plaintiff must allege specific facts sufficient to support them. "Conclusory allegations made upon information and belief are not entitled to a presumption of truth, and allegations stated upon information and belief that do not contain any factual support fail to meet the *Twombly* standard." *Scott v. Experian Info. Sols., Inc.*, 2018 WL 3360754, at *6 (S.D. Fla. June 29, 2018) (citations omitted). The same level of detail and investigation established by Price's factual allegations regarding pretext demonstrates why her allegation regarding backgrounds checks of White tenants is conclusory and without any factual support. There is no allegation suggesting, for example, that Price spoke to any of her White neighbors about their background check process, asked Howard whether he conducted similar background checks for visitors of White tenants, or conducted any other investigation—however cursory—that would allow her to

plausibly assert disparate treatment. Price's allegations regarding her White counterparts might well be true, but there are no factual allegations in the complaint supporting this.

### B. Price's Housing Discrimination Claims

#### 1. Price's Disparate Treatment Claim Under the FHA

Howard next argues that Price failed to state a claim under the Fair Housing Act (FHA). The FHA prohibits the "refus[al] to sell or rent . . . or otherwise make unavailable or deny, a dwelling to any person because of race, color, religion, sex, or national origin." 42 U.S.C. § 3604(a). To prevail on a claim under the FHA, a plaintiff must demonstrate "unequal treatment on the basis of race . . . that affects the availability of housing." *Jackson v. Okaloosa Cnty. Fla.*, 21 F.3d 1531, 1542 (11th Cir. 1994). A plaintiff can establish a violation under the FHA by proving intentional discrimination (disparate treatment), discriminatory impact (disparate impact), or a refusal to make a reasonable accommodation. *Bonasera v. City of Norcross*, 342 F. App'x 581, 583 (11th Cir. 2009). Here, Price's allegations seem to suggest disparate treatment.

A claim for disparate treatment "requires a plaintiff to show that [s]he has actually been treated differently than similarly situated" individuals outside of her protected class. *Ford v. 1280 W. Condo. Ass'n, Inc.*, 2014 WL 4311275, at *5 (N.D. Ga.

Sept. 2, 2014) (quoting *Schwarz v. City of Treasure Island*, 544 F.3d 1201, 1216 (11th Cir. 2008)); *see also Bonasera*, 342 F. App'x at 584. To establish a *prima facie* case of disparate treatment under the FHA, the plaintiff must demonstrate that (1) her rights are protected under the FHA, and (2) as a result of the defendant's discriminatory conduct, she has suffered a distinct and palpable injury. *Raymond v. State Farm Fire & Cas. Co.*, 2022 WL 2826454, at *13 (N.D. Ga. July 1, 2022), *appeal dismissed*, 2022 WL 10704871 (11th Cir. Sept. 2, 2022).

Price has not sufficiently pleaded a *prima facie* case of disparate treatment under the FHA. Taking the factual allegations in the complaint as true, she has satisfactorily alleged that she is a Black woman, and therefore a member of a protected class under the FHA. She has also pled facts suggesting that Howard's background check and fee requirement for her partner may have been inspired by discriminatory animus. But, while a plaintiff who is subjected to different application criteria and criminal background investigations because of race may have a claim for disparate treatment under the FHA, 24 CFR § 100.60(b) ("[P]rohibited actions under this section include . . . using different qualification criteria and applications . . . because of race. . . ."), Price has neither alleged any facts suggesting that she was actually treated any differently than White prospective applicants, nor are there any averments in the complaint that make

her "information and belief" allegation about Howard's treatment of White prospective tenants plausible. As Price failed to allege any other discriminatory actions giving rise to a violation of the Fair Housing Act, her complaint is due to be dismissed. *See Lowman v. Platinum Prop. Mgmt. Servs., Inc.*, 166 F. Supp. 3d 1356, 1362 (N.D. Ga. 2016) (explaining that 24 CFR § 100.60(b) provides a list of discriminatory actions that can give rise to a violation of 42 U.S.C. § 3604(a)).

### 2.    Price's Section 1981 Claim (Count II)

Howard also argues that Price fails to state a claim under Section 1981. Section 1981 provides that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts. . .  as is enjoyed by white citizens. . . ." 42 U.S.C. § 1981(a). That provision includes residential leases, and the "unequal application of defendants' rental criteria" between a Black plaintiff and White applicants has been held to violate Section 1981. *Long v. Aronov Realty Mgmt., Inc.*, 645 F. Supp. 2d 1008, 1024 (M.D. Ala. 2009) (quoting *Marable v. H. Walker & Assocs.*, 644 F.2d 390, 397 (5th Cir. Unit B May 1981)).

To make out a *prima facie* case of race discrimination under Section 1981, a plaintiff must allege sufficient facts to show that (1) she is a member of a racial minority; (2) the defendant intended to discriminate against her on that basis; and

(3) the discrimination concerned one or more of the activities enumerated in the statute. *Kinnon v. Arcoub, Gopman & Assocs., Inc.*, 490 F.3d 886, 891 (11th Cir. 2007) (citation omitted).

For the same reasons that Price fails to state a claim under the FHA, she fails to state a claim for discrimination under Section 1981. Other courts have held that a plaintiff who establishes a *prima facie* case under the FHA also establishes a *prima facie* case under Section 1981. *Hall v. Lowder Realty Co.*, 160 F. Supp. 2d 1299, 1319 (M.D. Ala. 2001); *Steptoe v. Sav. of Am.*, 800 F. Supp. 1542, 1547 (N.D. Ohio 1992). The converse is also true here. Price has not stated a plausible Section 1981 claim.

## C.    Abstention

In addition to her failure to state a claim, the Court is aware that Price raised these same allegations and claims as counterclaims in a dispossessory action filed by Howard in the Magistrate Court of Fulton County, Georgia.[14] Price attempted to remove the case to this court by alleging the same federal-law claims she brings now.[15] When the federal magistrate judge recommended dismissal and remand for lack of subject matter jurisdiction, and Price failed to object to the Report & Recommendation, the Court adopted the Report & Recommendation and

---

[14]   1:22-cv-00408-SDG, ECF 1.

[15]   *Id.*

remanded the case.[16] That case was terminated on May 23, 2022.[17] The very same day, Price filed this case against Howard, asserting the same claims she had in the state court action.[18]

While the Court cannot conclude without more that the claims in this action are brought as retaliation for Howard's dispossessory action, the odd events of this litigation raise the specter of bad faith and suggest an improper purpose—to obtain a potential inconsistent judgment and muddy the waters in a concurrent state court litigation. Thus, if Price elects to amend her pleading in this action to correct her deficient information and belief allegations, she will also be required to show cause why this case should not be stayed pursuant to the *Colorado River* abstention doctrine. *Ambrosia Coal & Const. Co. v. Pages Morales*, 368 F.3d 1320, 1330 (11th Cir. 2004) ("[The] *Colorado River* analysis is applicable as a threshold matter when federal and state proceedings involve substantially the same parties and substantially the same issues.").

---

[16]   *Id.* at ECFs 9, 11.

[17]   *Id.* at ECF 11.

[18]   ECF 1. Howard appears to have different counsel of record in each proceeding.

### III.    Conclusion

Defendant's motion to dismiss [ECF 6] is **GRANTED.** Plaintiff may file an amended complaint consistent with this Order within 14 days. If Plaintiff does so, she is directed to separately file a notice explaining why this case should not be stayed under the *Colorado River* factors. If Plaintiff fails to do so, the case will be dismissed with prejudice. The Clerk is **DIRECTED** to resubmit this Order to undersigned in 14 days.

**SO ORDERED** this 31st day of March, 2023.

Steven D. Grimberg
United States District Court Judge