IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|  |  |
|---|---|
| KATIA PRICE,<br>    Plaintiff,<br><br>            v.<br><br>MICHAEL HOWARD,<br>    Defendant. | Civil Action No.<br>1:22-cv-02056-SDG |

**OPINION AND ORDER**

This matter is before the Court on Defendant Michael Howard's motion to dismiss Plaintiff Katia Price's amended complaint [ECF 15]. For the following reasons, Howard's motion is **DENIED**.

**I.   Background**

The following facts are accepted as true for the purposes of this Order.[1] Price, a Black woman, sought to lease a home owned by Howard.[2] On or about March 17, 2021, Howard presented Price with a proposed lease.[3] Price notified Howard that her significant other, a Black man, would be visiting the property

---

[1] *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1274 n.1 (11th Cir. 1999) ("At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff.").

[2] ECF 13, ¶ 2.

[3] *Id.* ¶ 5.

occasionally.[4] Howard informed Price that, to obtain the lease, Price's partner would be required to undergo a background check and pay a $50 background check fee.[5] When Price objected, Howard replied that local school safety concerns required background check compliance.[6] Price called a local school to inquire about the rule, and a school employee told her that no such requirement existed.[7] Subsequently, Price repeated her objections to the background check and fee.[8] Howard then told Price, "I'm not looking for drug charges if that's what you or your partner are concerned about."[9] Price spoke to a neighbor and the property manager about the background check;[10] neither was aware of any such background check prior to Price's. [11]

---

[4]    Id. ¶ 8.
[5]    Id. ¶ 9.
[6]    Id. ¶ 13.
[7]    Id. ¶ 14.
[8]    Id. ¶ 15.
[9]    Id. ¶ 16.
[10]    Id. ¶¶ 25–28.
[11]    Id.

Price ultimately submitted to the background check and paid Howard's fee to secure the property lease.[12] Finally, on or about May 1, 2021, Price signed a lease with Howard effective April 17, 2021.[13]

On May 23, 2022, Price initiated a lawsuit against Howard, alleging race discrimination under the Fair Housing Act, 42 U.S.C. § 3604(b) (Count I), and 42 U.S.C. § 1981 (Count II).[14] On June 21, 2023, Howard moved to dismiss the case.[15] On March 31, 2023, the Court granted Howard's motion to dismiss but allowed Price to amend her complaint within 14 days.[16] On April 14, 2023, Price filed both an amended complaint and an explanation as to why this case should not be stayed because of a state court case between the parties.[17] In response, on April 28, 2023, Howard again moved to dismiss the case.[18]

---

[12] *Id.* ¶ 17.

[13] *Id.* ¶ 19.

[14] ECF 1, ¶¶ 21–35.

[15] ECF 6.

[16] ECF 12, at 11.

[17] ECFs 13, 14.

[18] ECF 15, ¶ 1.

**II.     Legal Standard**

To withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2000) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint is plausible on its face when the plaintiff pleads the factual content necessary for the Court to draw the reasonable inference that the defendant is liable for the conduct alleged. *Id.* (citing *Twombly*, 550 U.S. at 556). However, mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

**III.    Discussion**

   **A.     Abstention**

Courts should avoid duplicative litigation and abstain from considering a case where necessary. *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). In its March 31, 2023 Order granting Howard's first motion to dismiss, the Court observed a parallel and similar state-court dispossessory action was then pending and ordered Price to show cause why this case should not be stayed pursuant to the *Colorado River* abstention doctrine.[19] In her response to the

---

[19]   ECF 12, at 10.

Court's Order, Price states that all federal causes of action arising under the Fair Housing Act and Section 1981 were removed from her counter-claims in the state-court case.[20] Additionally, Price notes that the state-court action was resolved, alleviating any of the Court's concerns of potentially duplicative litigation.[21] Thus, the Court is satisfied that it may hear this case, and its March 31, 2023 Order is resolved.

**B. "Information and Belief" Pleading**

"Information and belief" pleadings are allowed if the litigant has conducted an appropriate investigation into the facts that is reasonable under the circumstances. Fed. R. Civ. P. 11(b). Further, the *Twombly* and *Iqbal* pleading standard allows facts alleged on information and belief to support a claim when those details are not within the plaintiff's knowledge and control. *Functional Prod. Trading, S.A. v. JITC, LLC*, 2014 WL 3749213, at *8 (N.D. Ga. July 29, 2014) (citing *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120 (2nd Cir. 2010)). However, this requires a plaintiff to allege sufficient specific facts supporting such pleading to survive a motion to dismiss.

---

20 *Id.* ¶ 1.

21 *Id.*

Previously, Price failed to offer sufficient facts to support her conclusory allegation that Howard did not subject prospective White tenants' visitors to background checks.[22] In her amended complaint, Price provides additional facts evidencing the sort of investigation that carries her information and belief allegations over the motion to dismiss standard. For instance, Price now alleges that she inquired from White neighbors as to whether Howard subjected their visitors to background checks.[23] Price further avers that she asked Howard's property manager whether White tenants were required to submit to a background check; the property manager indicated that Howard had never required background checks for guests.[24] Thus, the Court finds that Price adequately supports her allegation that Howard did not require prospective White tenants to undergo the same background checks for their visitors as Howard required of her visitor.

---

[22] *Id.*

[23] ECF 13, ¶ 26.

[24] *Id.* ¶¶ 27–28.

### C.  Price's Housing Discrimination Claims

#### 1.  Disparate Treatment Under the FHA (Count I)

Howard argues that Price failed to state a claim under the Fair Housing Act (FHA). The FHA prohibits the "refus[al] to sell or rent . . . or otherwise make unavailable or deny, a dwelling to any person because of race, color, religion, sex, or national origin." 42 U.S.C. § 3604(a). To state a claim under the FHA, a plaintiff must allege "unequal treatment on the basis of race that affects the availability of housing." *Jackson v. Okaloosa Cnty. Fla.*, 21 F.3d 1531, 1542 (11th Cir. 1994). There are three ways a plaintiff can prevail on a claim under the FHA: (1) intentional discrimination (disparate treatment), (2) discriminatory impact (disparate impact), or (3) a refusal to make a reasonable accommodation. *Bonasera v. City of Norcross*, 342 F. App'x 581, 583 (11th Cir. 2009). Of these theories, Price pleads disparate treatment.

To establish a *prima facie* case of disparate treatment under the FHA, a plaintiff must demonstrate that (1) her rights are protected under the FHA, and (2) as a result of the defendant's discriminatory conduct, she has suffered a distinct and palpable injury. *Raymond v. State Farm Fire & Cas. Co.*, 614 F. Supp. 3d 1303, 1320 (N.D. Ga. 2022), *appeal dismissed*, 2022 WL 10704871 (11th Cir. Sept. 2, 2022). Additionally, a claim for disparate treatment in housing "requires a plaintiff to

show that [s]he has actually been treated differently than similarly situated" individuals outside of her protected class. *Id.* at 1321.

As a Black woman, Price is a member of a protected class as required under the FHA. Price also pleads facts suggesting that Howard's background check and fee requirement for her partner were motivated by racial animus, which is prohibited under the FHA. 24 C.F.R. § 100.60(b). For the reasons discussed above, Price also alleges sufficient facts to support her allegation that she was treated differently than White prospective applications.

Howard argues that the "similarly situated" standard requires Price to show comparators who are "nearly identical."[25] This Court disagrees. In making this argument, Howard relies on *Boykin v. Bank of America Corporation*, which has been overruled. Instead of requiring "nearly identical" comparators, the Eleventh Circuit now requires that a plaintiff demonstrate that "she and her proffered comparators were 'similarly situated' in all relevant aspects." *Lewis v. City of Union City*, 918 F.3d 1213, 1218 (11th Cir. 2019). The difference is in the details. Here, Price offers a suitable comparator in her White neighbor, Ms. Arroyo. Both tenants share

---

[25] ECF 15, at 5 (citing *Boykin v. Bank of Am. Corp.*, 162 F. App'x 837, 839 (11th Cir. 2005) (quoting *Silvera v. Orange Cnty. Sch. Bd.*, 244 F.3d 1253, 1259 (11th Cir. 2001))).

the same landlord for the same building, and both tenants have frequent visitors who are not listed in the lease agreement. Perhaps, after the benefit of full and robust discovery, Howard might show that Price and Ms. Arroyo are dissimilar in certain relevant aspects that are dispositive; however, the presently pled similarities are sufficient to survive Howard's motion to dismiss. *Cf. Kimble v. Quality Assist, Inc.*, 2021 WL 8084555, at *13 (N.D. Ga. Nov. 21, 2021) (noting, at the summary-judgment stage, that the plaintiff and a comparator sharing the same supervisor was *prima facie* evidence that they were similarly situated regarding the supervisor's disparate application of a policy, but not the supervisor's decision to terminate the plaintiff). Thus, Price's factual allegations plausibly show that she was treated differently than similarly situated tenants, and Price has established a *prima facie* claim of disparate treatment under the FHA.

### 2. Section 1981 (Count II)

Section 1981 provides that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts . . . as is enjoyed by white citizens. . . ." 42 U.S.C. § 1981(a). That provision includes residential leases and the "unequal application of defendants' rental criteria." *Long v. Aronov Realty Mgmt., Inc.*, 645 F. Supp. 2d 1008, 1024

(M.D. Ala. 2009) (quoting *Marable v. H. Walker & Assocs.*, 644 F.2d 390, 397 (5th Cir. Unit B May 1981)).

To establish a *prima facie* claim of race discrimination under Section 1981, a plaintiff must allege sufficient facts to show that (1) she is a member of a racial minority; (2) the defendant intended to discriminate against her on that basis; and (3) the discrimination concerned one or more of the activities enumerated in the statute. *Kinnon v. Arcoub, Gopman & Assocs., Inc.*, 490 F.3d 886, 891 (11th Cir. 2007) (citation omitted). Some courts have held that a plaintiff who establishes a *prima facie* case under the FHA also establishes a *prima facie* case under Section 1981. *See, e.g.*, *Hall v. Loder Realty Co.*, 160 F. Supp. 2d 1299, 1319 (M.D. Ala. 2001); *Steptoe v. Sav. of Am.*, 800 F. Supp. 1542, 1547 (N.D. Ohio 1992). Regardless of whether that axiom is always true, Price's allegations are sufficient at the pleading stage to state a *prima facie* claim under Section 1981.

**IV.   Conclusion**

Defendant's motion to dismiss [ECF 15] is **DENIED**. Howard is directed to answer the amended complaint within 14 days of entry of this Order. The parties shall conduct their Rule 26(f) conference within 14 days after Howard answers. The parties shall serve their initial disclosures and submit a Joint Preliminary

Report and Discovery Plan within 30 days after Howard answers. Discovery will commence 30 days after Howard files his answer.

**SO ORDERED** this 21st day of September, 2023.

_____
Steven D. Grimberg
United States District Court Judge